ROY E. HAYS, Executive Secretary Wisconsin Real EstateExamining Board
You request my opinion whether a person appointed to the Wisconsin Real Estate Examining Board, but not yet confirmed by the Senate, can be reimbursed for expenses incurred in attending Board meetings for orientation purposes, and travel expenses to meetings of the National Conference of Law Officials where the holdover official continues to serve as a member of the Board. You state that it is not contemplated that such appointee would be paid the regular per diem provided for Board members.
It is my opinion that reimbursement for any such expenses is not permissible under the facts stated.
On March 27, 1974, the Governor appointed Mrs. Marcy Mills to the Real Estate Examining Board to succeed Randall B. Bezanson for a term ending July 1, 1979 (Vol. 14, Civil Appointments, 477, in the Office of the Secretary of State). Mr. Bezanson's term expired on July 1, 1973, and he continues to serve.
Section 15.405 (11), Stats., provides that the Examining Board shall consist of three members appointed to staggered six-year terms. Section 15.08 (1), Stats., provides that all members of Examining Boards "shall . . . be nominated by the governor, and with the advice and consent of the senate appointed. . ."
Section 15.08 (7), Stats. provides:
 "COMPENSATION AND REIMBURSEMENT FOR EXPENSES. Each member of an examining board shall, unless he is a full-time salaried employe of this state, be paid a per *Page 193 
diem of $25 for each day on which he was actually and necessarily engaged in the performance of his duties. Each member of an examining board shall be reimbursed for his actual and necessary expenses incurred in the performance of his duties."
The Board has only those powers which are expressly provided by statute or which are necessarily implied. There is no statute which would permit the Examining Board or the Department of Regulation and Licensing to pay per diem or expenses under sec.15.08 (7), Stats., to anyone other than a de jure or de facto
member of the Board.
On March 27, 1974, the legislature was in session. The office was occupied by a duly appointed and confirmed officer who had a right to hold office after the expiration of his term until a successor was appointed and qualified. There was no vacancy within the meaning of sec. 17.03, Stats. The provisions of secs.17.20 (1), (2), and 14.22, Stats., were not applicable because the legislature was in session.
In State ex rel. Thompson v. Gibson (1964), 22 Wis.2d 275,290-29 1, 125 N.W.2d 636, it is stated:
 ". . . it cannot be said that an office is `vacant' for the purposes of sec. 17.20, where the incumbent holds over after expiration of his term."
Incumbent Bezanson is entitled to hold over in office until his successor is duly appointed and confirmed by the Senate. State exrel. Thompson v. Gibson, supra, p. 293.
RWW:RJV